# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECRETARY OF VETERANS AFFAIRS, an Officer of the United States of America, Successor and Assigns,<br><br>                         Plaintiff,<br><br>v.<br><br>ERICA SMITH, et al.,<br><br>                         Defendants. | Case No.: 18cv598-MMA (BLM)<br><br>**ORDER *SUA SPONTE* REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION;**<br><br>**AND DENYING AS MOOT MOTION TO PROCEED *IN FORMA PAUPERIS***<br><br>[Doc. No. 2] |

On March 22, 2018, movant Jose Fernando Fonseca ("Fonseca"), proceeding *pro se*, filed a notice of removal of an unlawful detainer action filed by Plaintiff, the Secretary of Veterans Affairs, against Defendants Erica Smith and Does 1-5 in Superior Court for the County of San Diego. Doc. No. 1. Fonseca simultaneously filed a motion to proceed *in forma pauperis* ("IFP"). Doc. No. 2. Fonseca, who occupied the premises when the unlawful detainer action was filed, is not a named defendant in that action. *See* Doc. No. 1-2. On July 5, 2017, Fonseca filed a Prejudgment Claim of Right to Possession in state court, in which Fonseca acknowledged that he agreed to be added as a defendant to the unlawful detainer action. *Id.* at 5. However, Fonseca has not submitted

anything indicating that he was in fact added as a defendant by the state court. *See id.* For the reasons set forth below, the Court *sua sponte* **REMANDS** this case to the Superior Court of California for the County of San Diego for lack of subject matter jurisdiction.

### LEGAL STANDARD

Title 28 of the United States Code, section 1441(a), permits only "the defendant or the defendants" to remove a civil action from state to federal court if the case could have originated in federal court. Federal courts are of limited jurisdiction and possess only that power authorized by the Constitution or a statute. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007); *see Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Pursuant to Title 28 of the United States Code, section 1331, federal district courts have original jurisdiction over civil actions "arising under" federal law. 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)). Pursuant to section 1332(a)(1), district courts also have jurisdiction over "all actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states. 28 U.S.C. § 1332(a)(1).

The statute is construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

### DISCUSSION

As an initial matter, Fonseca is not a defendant to the action he seeks to remove, and therefore, fails to meet the threshold requirement that only a defendant may seek removal. *See* Doc. No. 1-2; 28 U.S.C. § 1441(a). Although Fonseca claims to be a

defendant, he provides no proof that he was actually added as a defendant in this action. *See* Doc. No. 1-2.

Even if he were a defendant, however, removal would not be proper. Fonseca argues removal is proper based on federal question jurisdiction. Doc. No. 1 at 2-3. Here, the Complaint asserts a single claim for unlawful detainer, a purely state law cause of action. Doc. No. 1-2. Nevertheless, Fonseca contends the Court has federal question jurisdiction over the matter because the unlawful detainer action should have raised the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), which arises under federal law. Doc. No. 1 at 2-3. Fonseca asserts that the PTFA "is not a defense, but [is] the entire basis for the action . . . ." *Id.* at 6. However, Fonseca appears to assert the PTFA as a defense to the action. *See id.* at 2-3. A defense to an action cannot serve as a basis for federal question jurisdiction. *See Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) ("the existence of a defense based upon federal law is insufficient to support jurisdiction"). Moreover, "federal district courts have held that a defense based on the [PTFA] cannot serve as a basis for removal jurisdiction." *Aurora Loan Servs, LLC v. Montoya*, No. 2:11-CV-2485-MCE-KJN-PS, 2011 WL 5508926, at *4 (E.D. Cal. Nov. 9, 2011) (citations omitted); *see Wescom Credit Union v. Dudley*, No. CV 10-8203-GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010) ("[P]rovisions [of the PFTA] offer [defendant] a federal defense to an unlawful detainer action where the plaintiff fails to comply with these requirements. A federal defense, however, does not support federal-question jurisdiction."). Accordingly, there is no basis for removal under federal question jurisdiction.

There is also no basis for diversity jurisdiction because the state-court Complaint affirmatively alleges that the amount in controversy is no more than $10,000. Doc. No. 1-2; *see Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) ("when a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the 'party seeking removal must prove with legal certainty that [the] jurisdictional amount is met'") (citations omitted). Fonseca has made no attempt in

his notice of removal to prove with a legal certainty that the amount in controversy is over $75,000. *See* Doc. No. 1; *see also Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) (stating that the party asserting diversity jurisdiction bears the burden of proving with legal certainty that the jurisdictional amount is met). Fonseca also has not made any claims as to the citizenship, domicile, or principle place of business of the parties. *See* Doc. No. 1. Thus, Fonseca has not met his burden of establishing that the Court has diversity jurisdiction.

## CONCLUSION

Based on the foregoing, Fonseca has not adequately established a basis for this Court's subject matter jurisdiction. Accordingly, the Court *sua sponte* **REMANDS** this action back to state court.[1] *See* 28 U.S.C. § 1447(c). The Clerk of Court is instructed to return the case to state court forthwith and close this action.[2]

**IT IS SO ORDERED**.

Dated: March 23, 2018

Hon. Michael M. Anello
United States District Judge

---

[1] As such, the Court **DENIES AS MOOT** Fonseca's motion to proceed IFP. Doc. No. 2.

[2] The Court notes that this is the fourth attempt by Fonseca, Defendant Smith, and another movant – Amanda Maria Fonseca—to remove this unlawful detainer action to this Court. *See* 17-cv-1815-DMS (WVG); 17-cv-2239-MMA (BGS); 17-cv-02405-JLS (BGS). Each time, the Court has *sua sponte* remanded the case to state court. Most recently, the Court admonished Defendant Smith and the Fonsecas that the Court may issue sanctions for continued frivolous removal attempts. *See* 17-cv-02405-JLS (BGS), Doc. No. 5 at 4. The Court again admonishes Defendant Smith and the Fonsecas that further frivolous removal attempts may result in sanctions.